IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL GORDON,

    Plaintiff,

vs.                                                                                 No. CIV 19-0031 JB\GJF

DH PACE COMPANY, INC. and
WAL MART, INC.,

    Defendants.

## ORDER[1]

**THIS MATTER** comes before the Court on Defendant Wal-Mart's Motion for Summary Judgment on All Claims, filed December 5, 2019 (Doc. 63)("MSJ"). The primary issue is whether Wal-Mart is entitled to summary judgment, because Plaintiff Michael Gordon has not demonstrated a triable issue whether Wal-Mart breached its duty of care. The Court held a hearing on January 10, 2020. See Clerk's Minutes, filed January 10, 2020 (Doc. 73). The Court denies Wal-Mart's MSJ, because the Court concludes that Gordon, under a res ipsa loquitor theory of negligence, has demonstrated a triable issue whether Wal-Mart breached its duty of ordinary care.

## ANALYSIS

New Mexico law requires the Court to identify the defendant's duty of care. See Provencio v. Wenrich, 2011-NMSC-036, ¶ 16, 261 P.3d 1089, 1093. The Court concludes that this case is a premise liability case, and, thus, Wal-Mart had a duty of ordinary care to keep its premises safe for invitees. The Court agrees with Gordon that this case is not a slip-and-fall case. New Mexico

---

[1]This Order disposes of the Defendant Wal Mart's Motion for Summary Judgment on All Claims, filed December 5, 2019 (Doc. 63). The Court will, however, issue a Memorandum Opinion at a later date more fully detailing its rationale for this decision

law applies slip-and-fall law in situations where there are "local and temporary dangerous floor conditions which a proprietor could not be expected to know," and where there are "conditions which the invitee had as good a chance of knowing as did the possessor." Simon v. Akin, 1968-NMSC-193, ¶ 8, 448 P.2d 795, 798, overruled on other grounds by Melnick v. State Farm Mut. Auto. Ins. Co., 1988-NMSC-012, ¶ 8, 749 P.2d 1105. This case does not involve a floor condition, nor is it a situation where the invitee had as good a chance of knowing about the malfunction as the possessor, because Wal-Mart had the opportunity to conduct regular safety checks, and the door malfunction was not visible before the accident occurred. Moreover, if the slip-and-fall jury instructions' actual or constructive notice requirement applies to a premise's longer-lasting, invisible condition, business owners would have little legal incentive to conduct regular inspections to detect these conditions. The Court thus concludes that this case hinges on premise liability, and the Court identifies Wal-Mart's duty: the occupier of a business premise owes the duty of his or her ordinary care to keep the premises safe for use by the business visitor or invitee. See Ford v. Bd. of Cty. Comm'rs of Cty. of Dona Ana, 1994-NMSC-077, ¶ 12, 879 P.2d 766, 771; Klopp v. Wackenhut Corp., 1992-NMSC-008, ¶ 10, 824 P.2d 293, 297. Wal-Mart, as the occupier of the business premise, owes its visitors the duty to keep the premises, including its automatic doors, safe for use by Gordon and its other invitees. Whether Wal-Mart breached that duty is a question for the jury. See Provencio v. Wenrich, 2011-NMSC-036, ¶ 16, 261 P.3d at 1093.

Gordon did not need to provide an expert, because this breach is not a technical issue outside the common knowledge: the question is whether Wal-Mart was negligent in keeping its automatic door safe for invitees, and not the technicalities of how the door malfunctioned. The Court previously has concluded that New Mexico law requires expert testimony only when the

issue of causation is presented in a context that is not a matter of common knowledge. See Am. Mech. Sols., LLC v. Northland Process Piping, Inc., 184 F. Supp. 3d 1030, 1061 (D.N.M. 2016)(Browning, J.)(citing approvingly Romero v. State, 1991-NMCA-042, 814 P.2d 1019, aff'd in part and rev'd in part by Romeo v. State, 1991-NMSC-071, 815 P.2d 628)(stating that expert testimony is not a necessary predicate for testimony concerning how certain factors could have contributed to a car accident, because an ordinary citizen is familiar with highways and cars). Although the Court has not found a case from the Supreme Court of New Mexico that addresses whether a failure to inspect and discover a malfunction with an automatic sliding door is a context beyond the scope of common knowledge, the Honorable Judith C. Herrera, then-United States District Judge for the United States District Court for the District of New Mexico addressed this exact issue in Corral v. Home Depot U.S.A., Inc., No. CIV 13-555 JCH/CG, 2014 WL 12787984 (D.N.M. Sept. 30, 2014). Although her opinion is not binding upon the Court, the Court notes that Corral v. Home Depot collects cases from different jurisdictions, all of which state that "it is common knowledge that people routinely pass through automatic doors without injury" and that, therefore, expert testimony is unnecessary to give rise to an inference of negligence when an automatic door has malfunctioned. Corral v. Home Depot U.S.A., Inc., 2014 WL 12787984, at *6 (citing, e.g., Jerista v. Murray, 185 N.J. 175, 883 A.2d 350, 360 (N.J. 2006)). The Court predicts that the Supreme Court of New Mexico, which has concluded that common knowledge can establish the course of ordinary events, would conclude that common knowledge, without an expert witness, can establish the ordinary event of passing through an automatic door without injury.

Moreover, many courts in other jurisdictions have concluded that, because automatic doors generally do not malfunction in the absence of negligence, and because this fact is within the

layperson's common knowledge, an automatic door malfunction gives rise to an inference of negligence under res ipsa loquitor. See Stone v. Courtyard Mgmt. Corp, 353 F.3d 155, 157, 160-66 (2d. Cir. 2003); Balistreri v. Richard E. Jacobs Group, Inc., 322 F. Supp. 2d. 972, 978 (E.D. Wis. 2004)(Adelman, J.); Brewster v. United States, 542 N.W.2d 524, 531-32 (Iowa 1996); Brown v. Scrivner, Inc., 488 N.W. 2d 17, 19 (Neb. 1992). While the Court does not believe that this conclusion is a proper application of res ipsa loquitor, and that an automatic door accident supports speculation, and not an inference of negligence, the Court predicts that the Supreme Court of New Mexico would take a stance similar to that of the cited jurisdictions. The Court predicts that the Supreme Court of New Mexico would require, at most, the plaintiff to demonstrate an additional showing of negligence, such as the door was not working shortly before or after the accident, for an automatic door accident to give rise to an inference of negligence.

In Hisey v. Cashway Supermarkets, Inc., 1967-NMSC-081, ¶ 5, 426 P.2d 784, 786, the Supreme Court of New Mexico found that an automatic door malfunction did not give rise to an inference of negligence under a res ipsa loquitor theory, because "the door had been operating properly before the accident and that it thereafter operated normally without any repairs being required." The Supreme Court of New Mexico distinguished that case from a Texas case, in which the malfunctioning door was repaired after the accident. See Hisey v. Cashway Supermarkets, Inc., 1967-NMSC-081, ¶ 6, 426 P.2d at 786 (citing J. Weingarten v. Gauthier, 305 S.W.2d 181 (Tex. Civ. App.).

This Supreme Court of New Mexico case demonstrates the Supreme Court of New Mexico's willingness to find negligence if there is something more, such as repairs following the accident. In the present case, Wal-Mart's expert witness states that Door Control Services, Inc. adjusted an interior sensor on the door that hit Gordon's crutch four days after the accident. See

Letter from Michael W. Rogers, P.E. to Elizabeth Martinez at 4, dated October 15, 2019, filed December 5, 2019 (Doc. 63-6).  Although the Court usually does not admit evidence of remedial measures for negligence purposes in the face of an objection under rule 407 of the Federal Rules of Evidence, Wal-Mart has submitted this evidence, there is no objection to this evidence, Wal-Mart must want the Court to consider this evidence when making its decision, and thus Wal-Mart waives a rule 407 objection.  See Fed. R. Evid. 407.

The Court predicts that the Supreme Court of New Mexico likely will follow the other jurisdictions and require only the automatic door malfunction to give rise to an inference of negligence.  Since Hisey v. Cashway Supermarkets, Inc., the Supreme Court of New Mexico has stated that common knowledge can suffice to demonstrate that an accident is unlikely to occur in the absence of negligence.  See Mireles v. Broderick, 1994-NMSC-041, ¶ 6, 872 P.2d 863, 866 (citing approvingly, e.g., Perin v. Hayne, 210 N.W.2d 609, 614 (Iowa 1973)(stating that common knowledge can give rise to an inference of negligence); Jones v. Harrisburg Polyclinic Hosp., 496 Pa. 465, 472, 437 A.2d 1134, 1138 (1981)(same)).  Moreover, Hisey v. Cashway Supermarkets, Inc. was decided in 1967.  Automatic doors are more commonly used now than in 1967, so it stands to reason that the layperson would be more familiar with automatic doors' functioning and performance.  The Court, thus, concludes that this case's facts could give rise to an inference of negligence.  Gordon, therefore, has met his burden under Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The Court disagrees with Wal-Mart's argument that Gordon waived res ipsa loquitor, because he did not plead or argue that theory before the hearing. Because res ipsa loquitor is a way to prove negligence, and not a separate cause of action, Gordon was not required to plead res ipsa loquitor before this stage of the case.  See  N.M. UJI 13-1623 (stating that, to prove the defendant

negligent, the plaintiff "is not required to prove specifically what [the defendant] did or failed to do that was negligent"). The Court notes that Wal-Mart has requested the opportunity to brief the Court on res ipsa loquitor, and the Court, thus, will treat any briefing Wal-Mart submits on res ipsa loquitor in its Memorandum Opinion explaining its decision in more detail.

**IT IS ORDERED** that Wal-Mart's Motion for Summary Judgment on All Claims, filed December 5, 2019 (Doc. 63) is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

David M. Houliston
The Law Offices of David M. Houliston
Albuquerque, New Mexico

 -- and --

Keith Franchini
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Amy L. Glasser
Potts & Associates
Albuquerque, New Mexico

 -- and --

John S. Stiff
John S. Stiff & Associates, LLC
Albuquerque, New Mexico

    *Attorneys for Defendant DH Pace Company, Inc.*

Elizabeth Ann Martinez
Megan Muirhead
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for Wal Mart, Inc.*